**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

**DELRICO ROBERTSON,**

         **Petitioner,**

- vs -

    **Case No. 2:19-cv-459
District Judge George C. Smith
Magistrate Judge Michael R. Merz**

**DAVID GRAY, Warden,
Belmont Correctional Institution,**

         **Respondent.**

## OPINION AND ORDER

This habeas corpus case is before the Court for decision on Objections by both Respondent (ECF No. 24) and Petitioner (ECF No. 25) to the Magistrate Judge's Report and Recommendations recommending dismissal of the petition but granting a certificate of appealability on both Grounds for Relief (the "Report," ECF No. 21).

**I.  Litigation History**

This case arises from three separate shootings, all in Hamilton County: the shooting of Michael Willis on March 7, 2006; the shooting of Andre Hayes on March 25, 2006; and the murder of Matthew Cox in April 2006. Robertson was tried jointly indicted for these crimes, convicted by a jury, and sentenced to an aggregate term of fifty years to life.

After remand for merger of two sets of felonious assault convictions, Robertson unsuccessfully sought habeas corpus relief in this Court. *Robertson v. Kerns,* Case No. 1:10-cv-0462011 U.S. Dist. LEXIS 137545 (S.D. Ohio Nov. 30, 2011), aff'd, 517 Fed. App'x 404 (6th Cir. 2013).

On June 1, 2011[1] and while the first habeas case was pending, Robertson filed his first motion for leave to file a delayed motion for new trial (State Court Record, ECF No. 9, PageID 326 *et seq.*). Hamilton County Common Pleas Judge Nadine Allen, to whom the case had been reassigned from Judge Richard Niehaus, the judge who tried the case, denied the motion summarily. *Id.* at PageID 342 *et seq*. The First District Court of Appeals affirmed. *State v. Robertson*, Case No. C-120244 (Apr. 3, 2013)(unreported; copy at State Court Record, ECF No. 9, PageID 369 *et seq.*). Robertson took no appeal to the Supreme Court of Ohio.

More than two years later, on September 24, 2015, Robertson again filed for leave to file a delayed motion for new trial. (ECF No. 9, PageID 371 *et seq.*). This time Judge Allen allowed the new trial motion. *Id.* at PageID 430. Then on July 28, 2016, she granted a new trial as to all three shooting victims. *Id.* at PageID 489 *et seq* . The State appealed and the First District affirmed the grant of a new trial in the Michael Willis shooting, but reversed as to the Hayes and Cox shootings. *State v. Robertson*, 2017-Ohio-7225 (Ohio Ct. App. 1st Dist. Aug. 16, 2017)(*Robertson II*), appellate jurisdiction declined, 152 Ohio St. 3d 1420 (2018). Judge Allen then vacated the conviction and sentences regarding Willis, but ordered that the sentences as to the other two victims remain in effect.[2] The instant Petition followed on February 12, 2019.

Robertson pleads the following two grounds for relief:

> **Ground One:** The Ohio courts ruled contrary to, or unreasonably applied, clearly-established [sic] Supreme Court precedent by failing to find that Robertson's due process [rights] were violated as to all convictions, as the state suppressed exculpatory evidence that---as a result of the state's decision to join all charges for trial---

---

[1] This date is from the time stamp on the exhibit. Judge Allen later refers to the motion as having been filedf May 27, 2011 (ECF No. 9, Ex. 28, PageID 342

[2] Because a new judgment was entered, the instant Petition is not second or successive under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). See *Magwood v. Patterson*, 561 U.S. 320 (2010).

2

affected and undermined all eight convictions, requiring an order vacating all convictions and setting the matter for a new trial.

**Supporting Facts:** The trial court ruled that a series of "tolerable imperfections" in the case metastasized into a breach of Petitioner's constitutional rights to due process and a fair trial. These included Detective Upchurch's fabricated evidence and suppression of Willis' testimony at trial. The trial court vacated all eight convictions and ordered a new trial on all eight charges. In the face of Robertson's federal claim, the First Appellate District ignored all federal case law on the subjects, did not cite a single federal case or authority, and reversed the trial court as to five offenses.

**Ground Two:** The Ohio courts entered decisions that was [sic] unreasonable in the light of the trial record by failing to find that Robertson's Due Process rights were violated as to all eight convictions, requiring an order vacating all eight convictions and setting the matter for a new trial on all eight charges.

**Supporting Facts:** The trial court ruled that a series of "tolerable imperfections" in the case metastasized into a breach of Petitioner's constitutional rights to due process and a fair trial. These included Detective Upchurch's fabricated evidence and suppression of Willis' testimony at trial. The trial court vacated all eight convictions and ordered a new trial on all eight charge [sic]. The trial court explained the extent of Upchurch's misconduct and how her flawed investigation and lies at trial tainted and undermined all eight convictions. The First Appellate District's decision questioning the trial court's credibility findings and re-weighing the evidence was an unreasonable decision in light of the trial record.

(Petition, ECF No. 1, PageID 5-7).

The Magistrate Judge concluded Petitioner had preserved these claims for decision on the merits in habeas corpus. He found the First District Court of Appeals decision that Judge Allen abused her discretion in evaluating the suppression of Willis' testimony was neither an objectively unreasonable application of *Brady v. Maryland*, 373 U.S. 83 (1963), or *Kyles v. Whitley*, 514 U.S. 419 (1995)(Ground One) nor based on an unreasonable determination of the facts in light of the evidence presented to the state courts (Ground Two). Thus, he recommended dismissing the Petition on the merits under both 28 U.S.C. §§ 2254(d)(1) and (d)(2). Accepting Judge Allen's

3

contrary view as that of a "reasonable jurist," he recommended granting a certificate of appealability. (Report and Recommendations, ECF No. 21, PageID 1779-80).

As required by Fed.R.Civ.P. 72(b), the District Judge has conducted a *de novo* review of all portions of the Report to which objection has been made and rules on those objections as follows, albeit in a different order from the way in which they are presented.

## II. Respondent's First Objection: Magistrate Judge Mistaken Attribution of Part of the Record

In his first objection, the Warden asserts

> The Magistrate Judge mistakenly quotes from Robertson's motion for a new trial and attributes it to the trial judge's entry. . . . He cites and quotes the state court record at ECF No. 9, PageID 437-439, attributing the language to Judge Nadine Allen. In fact, he is quoting Robertson's motion for a new trial.

(Respondent's Objections, ECF No. 24, PageID 1783-84).[3]

Respondent is correct that the Magistrate Judge's Report at ECF No. 21, PageID 1774 mistakenly attributes PageID 437-439 to Judge Allen's decision on the new trial motion rather than to the Defendant's Motion for a New Trial. That Motion is in the State Court Record at Ex. 36 (ECF No. 9, PageID 431), and Judge Allen's Decision is at Ex. 38, *id*. at PageID 489.

In granting Robertson's motion for new trial, Judge Allen agreed with that portion of Robertson's Motion that the Magistrate Judge quoted that Robertson "could not with reasonable diligence have discovered and produced at trial" Michael Willis's testimony. (Entry Granting New Trial, State Court Record, ECF No. 9, PageID 489).

Judge Allen also discussed at length the factual basis for her conclusion that the State, through the actions of Detective Upchurch, had suppressed the testimony of Michael Willis. *Id.*

---

[3] In making this objection, Respondent cites to the report of the Magistrate Judge's decision at 2020 U.S. Dist. LEXIS 2740 without pinpoint citations to that report of the decision. Respondent's counsel's attention is directed to S. D. Ohio Civ. R. 7.2(b)(5) which requires pinpoint citations and prescribes their form.

at PageID 492-94. While she did not specifically cite either *Brady* or *Kyles*, she did recite the standard from those cases for determining whether suppressed evidence qualifies under those cases. *Id.* at PageID 492. Both cases had been cited to her in Robertson's Motion (State Court Record, ECF No. 9, Ex. 36, PageID 439). She then applied that standard to find that Willis's testimony qualified as *Brady* material and therefore a new trial should be granted (Entry, State Court Record, ECF No. 9, PageID 495).

Having considered the matter *de novo*, the Court finds Respondent's first objection well taken: the Magistrate Judge did miscite portions of the Motion for New Trial as if they were portions of Judge Allen's decision. However, upon review, the Court finds Judge Allen granted the Motion for New Trial on the bases that Robertson cited in the Motion. Correcting the miscitation does not undermine the Magistrate Judge's conclusion that Judge Allen and the First District on review of her decision were considering the federal constitutional question, to wit, whether Willis's suppressed testimony was *Brady* material, on the merits. Although Respondent had argued that the state courts were deciding only state law questions (Did Judge Allen abuse her discretion in granting a new trial?), Respondent does not object to the Magistrate Judge's conclusion that the *Brady/Kyles* question is preserved for review.

### III. Petitioner's First Objection: The First District Employed the Wrong Standard

The First District evaluated the materiality of the Willis testimony under *State v. Petro,* 148 Ohio St. 3d 505 (1947), applying this standard:

> A motion for a new trial on the ground of newly discovered evidence may be granted where "the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."

*State v. Robertson*, 2017-Ohio-7225, ¶ 20 (Ohio Ct. App. 1st Dist. Aug. 16, 2017)(*Robertson II*), quoting *Petro*, 148 Ohio St. 505 (syllabus). The Report found that the strong probability of a different trial outcome which the First District extracted from *Petro* "is the same test to apply to determine materiality under *Brady* and *Kyles*." (ECF No. 21, PageID 1775).

Petitioner objects that "the standard for materiality under *Brady* is lower than under *Petro*." (Petitioner's Objections, ECF No. 25, PageID 1796, internal quotation marks omitted). For that proposition, Robertson cites *State v. Jalowiec*, 2015-Ohio-5042 (Ohio App. 9th Dist. Dec. 7, 2015). *Jalowiec* was a capital case in which the Ninth District affirmed denial of the defendant's motion for new trial on the basis of *res judicata*. The court's logic was that the Sixth Circuit had decided the new evidence was not material under *Brady*. Since the evidence could not meet the weaker *Brady* test ("reasonable probability of a different result"), *a fortiori* it could not meet the stronger *Petro* test ("strong probability of a different result').

Petitioner's objection is that because the First District did not apply *Brady* and *Kyles*, its decision is contrary to controlling Supreme Court precedent and therefore not entitled to deference under 28 U.S.C. § 2254(d)(1)(Petitioner's Objections, ECF No. 25, PageID 1797).[4] But Robertson did not even cite *Brady* or *Kyles* to the First District in defending Judge Allen's decision (*See* Brief of Appellee, State Court Record, ECF No. 9, PageID 514, 520). Nor did he cite either case in seeking review by the Supreme Court of Ohio (See Memorandum in Support of Jurisdiction, State Court Record, ECF No. 9, Ex. 44, particularly PageID 551, arguing the same standard as had been

---

[4] For the proposition that a decision that does not apply applicable Supreme Court precedent is therefore contrary to that precedent, Robertson's relies on the dissenting opinion of Judge Clay in *Allen v. Hawley*, 74 Fed. App'x 457 (6th Cir. 2003). Judge Clay writes: "A state court decision is 'contrary to' Supreme Court precedent if 'it fails to apply the correct controlling authority,' *Hernandez v. Small,* 282 F.3d 1132, 1141 (9th Cir. 2002), or 'where the state court 'applies a rule that contradicts the governing law set forth' in those precedents,'" *Brumley v. Wingard,* 269 F.3d 629, 638 (6th Cir. 2001) (quoting *Williams,* 529 U.S. at 405). While unpublished opinions of the circuit courts are now citeable, even the majority opinions are not binding. Nor is the Ninth Circuit case. And the Court concludes the First District's decision does not contradict *Brady* and *Kyles* as the term "contradict" is used in *Williams*.

6

argued to the First District).

The Court agrees with the Magistrate Judge that in this case the First District's evaluation of the evidence was the functional equivalent of review under *Brady* and *Kyles* and is therefore entitled to deference under 28 U.S.C. § 2254(d)(1). Petitioner's first objection is overruled.

**IV.     Petitioner's Second Objection:  On *De Novo* Review, Willis's Testimony Satisfies Brady and Kyles as to the Hayes and Cox Shootings**

Alternatively, Petitioner objects that the First District's decision is an unreasonable application of *Brady* and *Kyles* because there is a reasonable probability that, had the Willis testimony been disclosed at trial, the result of the trial would have been different as to the Hayes and Cox shootings (Petitioner's Objections, ECF No. 25, PageID 1798).

This argument depends on the cogency of Judge Allen's conclusion that Detective Upchurch was "enmeshed" in the Hayes and Cox investigations. On this point, the Court agrees with the First District that there was very strong evidence completely apart from any involvement by Upchurch to convict Robertson of those two separate shootings. For example, Hayes knew Robertson well, having provided him with transportation service on multiple recent occasions. Petitioner cites the usual qualifications to be applied to eyewitness testimony, but they are unpersuasive in the context of this case. Petitioner's second objection is overruled.

**V.      Respondent's Second Objection:  No Certificate of Appealability Should Be Issued**

The Magistrate Judge concluded that because Judge Allen's opinion on the new trial motion was that of a "reasonable jurist," a certificate of appealability should be issued (Report, ECF No. 21, PageID 1779-80). Respondent objects (Respondent's Objections, ECF No. 24, PageID 1786, *et seq.*).

7

Respondent asserts that because the First District found the portion of the trial judge's decision relating to the Hayes and Cox shootings was not based on a sound reasoning process, Robertson cannot meet his burden for obtaining a certificate of appealability.

To obtain a certificate of appealability, a petitioner must show at least that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017).

Although the First District found Judge Allen's reasoning process as to the Hayes and Cox shootings to be unsound, it upheld her grant of a new trial on the Willis shooting, despite strong reservations on her finding that Willis was credible. On the issue of a certificate of appealability, this Court is in a similar position: while it believes the First District's decision is not an unreasonable application of *Brady* and *Kyles*, that conviction is not so overwhelmingly strong as to be beyond debate. A certificate of appealability should issue as recommended.

## VI. Conclusion

In accordance with the foregoing analysis, it is hereby ordered that the Petition herein be dismissed with prejudice. The Clerk shall enter judgment to that effect under Fed.R.Civ.P. 58. Petitioner is granted a certificate of appealability on both grounds for relief.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**